MR. JUSTICE SHEEHY,
concurring:
I concur emphatically with the foregoing opinion but wish to comment respecting the entitlement of plaintiffs to attorney fees.
*60 We cite Serrano v. Priest (1977), 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303, 1310-1311, to the effect that the common fund theory and the substantial benefit theory do not at this time present a basis for attorney fees. Not to be forgotten, however, is that in Serrano, the court awarded the plaintiffs attorney fees on the “private attorney general” theory. If, as we all hope, because of the efforts of the plaintiffs an equitable funding of education is eventually established, all of the requisites for an award of attorney fees on the private attorney general theory would be present in my view.
SUPPLEMENT TO AND AMENDMENT OP OPINION
The Court’s opinion in this matter was issued on February 1, 1989. Helena Elementary School Dist. v. State (Mont. 1989), [236 Mont. 44,] 769 P.2d 684, 46 St.Rep. 169. We concluded that the holdings should not become immediately effective in order to provide the Legislature with the opportunity to enact an equitable system of school financing. This Court specifically retained jurisdiction. While the Opinion was published at the Court’s request, remittitur did not issue.
The Montana Legislature was unable to enact a new law with regard to school funding during the regular 1989 session. A special session was required. On June 30 and July 17, 1989, this Court issued Orders delaying the effective date of the ruling of unconstitutionality and specifically advised that remittitur shall not issue until the specific Order of this Court. Extensive legislation with regard to the funding of Montana public schools was subsequently enacted by the Legislature and approved by the Governor.
Pursuant to the Orders of this Court, the State of Montana and the plaintiff School Districts, by motion or petition, requested clarification and modification of the Court’s February 1, 1989, Opinion. The Court has now considered the petitions, briefs, and memoranda, and the oral arguments of the parties. All parties point out that a delay in the effective date of the Opinion is appropriate because of the time necessary in which to implement the provisions of the 1989 laws, and the additional time needed in order to determine whether or not the changes meet the constitutional requirements of our February 1, 1989, Opinion. All parties have agreed that changes in capital funding budgets and other school budgets will not be presented and voted upon until the 1991 Legislative Session. We conclude that the Court possesses the equitable power to postpone the effect of its *61 opinion to allow the legislature and the governor’s office time to implement a satisfactory system of school funding in this State. See, Lee v. State (1981), 195 Mont. 1, 10-11, 635 P.2d 1282, 1287; cert. denied, 456 U.S. 1006 (1982).
We conclude that Section V of our February 1, 1989, Opinion should be withdrawn in its entirety, such Section V stating as follows:
“V
“We approve the District Court’s rationale that ‘in order to provide the Legislature with the opportunity to search for and present an equitable system of school financing,’ the holdings in this case should not become immediately effective. We modify the reservation of jurisdiction by the District Court to provide that this Court specifically retains jurisdiction until July 1, 1989, and on that date the holdings of this opinion shall become fully in effect for all school terms commencing after that date.”
We add the following in place of the withdrawn Section V of our February 1, 1989, Opinion:
The effective date of our February 1, 1989, Opinion, as supplemented and amended herein, is hereby delayed until July 1, 1991, and on that date the holdings of this Opinion shall become fully in effect for all purposes. We hold that our February 1, 1989, Opinion as herein supplemented and amended, and including its determinations of unconstitutionality, shall not in any way affect the validity of any bond, warrant, indenture, security, or other obligation issued and negotiated for purposes authorized by law by the State of Montana, any county, or any school district prior to July 1, 1991, or use of the proceeds thereof, and further hold that this Opinion shall not have any effect upon the operations of the public schools in the State of Montana prior to July 1, 1991.
We decline to retain jurisdiction in this matter. The legislative changes in 1989 and 1991 will require new and different proof on the part of any parties challenging the same. We conclude that should such action be necessary, it can be presented in a new and separate court action.
The District Court in this cause made extensive findings of fact and conclusions which have not been specifically referred to or adopted by this Court. In order that there be no misunderstanding, we specifically hold that the findings and conclusions of law of this case are limited to those findings of fact and conclusions specifically *62 adopted and contained in the February 1, 1989, Opinion, as herein supplemented and amended.
This Court no longer retains jurisdiction of this cause and the Clerk of this Court is hereby directed to immediately issue remitittur.
DATED this 4th day of January, 1990.
s/Fred J. Weber, Justice
s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/R.C. McDonough, Justice
s/William E. Hunt, Sr., Justice
s/Diane G. Barz, Justice
s/John C. Sheehy, Justice